UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

UNITED STATES OF AMERICA,

: CASE NO.: 3:10CR128 (RNC)

V.

Robert Treglia,                : January 6, 2011

### DEFENDANT ROBERT TREGLIA'S MEMORANDUM IN AID OF SENTENCING

On September 14, 2010 the defendant **Robert Treglia** pled guilty to Count 1 of Indictment. Due to Mr. Treglia's prior 1993 federal conviction for conspiring to possess with the intent to Distribute cocaine, in violation of 21 U.S.C. Section 841(a)(1), the government filed a notice of prior offense, increasing his maximum penalty in the instant matter to thirty years. Mr. Treglia entered his plea less than three months after his arrest.

As a result of an intercepted telephone call between Mr. Treglia and Alvarado, a motor vehicle stop was conducted on June 17, 2010 and 56 grams of powder cocaine was seized from Mr. Treglia without incident.[1] It is the fruit of this motor vehicle stop that forms the basis of the quantity attributed to him in this matter.

---

[1] At the December 2, 2010 sentencing hearing the government alluded to a prior transaction. The discovery provided to the defendant to date reflects the single transaction. Page 3, Government's Sentencing Memorndum, filed November 30, 2010.

The defendant respectfully submits this Memorandum in Aid of Sentencing and submits that upon the Court's consideration of this memorandum and the arguments of counsel, a **sentence of a year and a day** would be an appropriate sentence for the defendant and would be "sufficient, but not greater than necessary" to satisfy the key purposes of sentencing. The defendant is seeking a non guidelines sentence. The defendant respectfully abandons his legal argument seeking a departure under extraordinary family circumstances. 18 U.S.C.A. 5H1.6

The advisory application of the sentencing guidelines provides this court with broad discretion to fashion a reasonable sentence for Mr. Treglia based upon the application of facts that a unique to him under 18 U.S.C. Section 3553 (b)(1). Such sentence must be must be "sufficient, but not greater than necessary, to comply with purposes" of sentencing set forth in 18 U.S.C. § 3553(a)(2).

**18 U.S.C Section 3553 Factors**

**Nature and Circumstances of the offense and history and characteristics of the defendant**

The defendant was monitored on a wiretap engaging in the acquisition of 56 grams of powder cocaine on one occasion. The evidence, the reports tapes, and transcriptions of the wire reflect only one sale between Mr. Treglia and Defendant Alvarado, contrary to the statement by the government that the defendant traveled to the Bronx on numerous occasions in 2010 to purchase cocaine from Alvarado.   It appears that this defendant would be classified in the lowest range of quantity of narcotics in this conspiracy.

The defendant's prior criminal conduct that led to his 1993 federal conviction included a quantity of narcotics that was significantly greater than the instant offense, and as such received a 100 months sentence.

At the time of his arrest in the instant matter Mr. Treglia had custody of his 10 year old daughter. During the December 2, 2010 sentencing hearing several family members and friends made statements to the court which reflected Mr. Treglia's demonstrated ability to care for his daughter. The comments resonated a consistent theme that his 10 year old daughter thrived under his care.

Although he has had significant periods of sobriety, Robert has struggled with addiction for a number of years. Under the stress of his mother's death he relapsed. Mr. Treglia has reported gainful employment in the construction industry. Probation was able to confirm employment form 1999 to 2004 for his work in New York. He reports that since 2004 he was self employed as the sole proprietor of Five Acres Construction.

Patrick Treglia, the defendant's brother had, on December 2, 2010 informed the court that Robert and his daughter Christina were welcome to reside in his home upon Robert's release. Patrick, who is also in the construction industry, could provide a stable environment for Robert to care for his daughter.

Upon Robert's arrest, several individuals scrambled to find a placement for his 10 year old daughter. Her mother Dawn Slavin had agreed to take her as Robert has remained confirmed in custody since his arrest. Since Robert's arrest, Ms. Slavin had relocated to Florida and has, within the past week, relocated to Staten Island, NY. Ms. Slavin has stated that she would like to see Robert released and confirmed that he has significantly contributed to the emotional well-being of Christina and has provided her financial support.

As of the January 10, 2011 sentencing hearing Robert will have been in custody for almost seven months.

Based upon his statements to Probation Officer Rafferty, Mr. Treglia has acknowledged that his relapse was attributed to "poor decision making," and is confident that a subsequent relapse is unlikely. He acknowledges that his poor decisions have had significant consequences to his daughter and would not wish to be separated from her again.

Wherefore, the defendant respectfully requests that the court impose a non –guidelines sentence, and sentence the defendant to a year and a day.

                DEFENDANT-APPELLANT
                */s/   Robert Berke*

By: _____
     Robert Berke
     640 Clinton Avenue
     Bridgeport, CT  06605
     203 332-6000
     203 332-0661
     Fed Bar No. CT 22117
     Email Address: robertberke@optonline.net

## CERTIFICATION

I hereby certify that on this date, a copy of this document was filed electronically. Notice of this filing will be sent by email to all parties of record.

*/s/  Robert Berke*
_____
Robert Berke